### THACKER v STATE

Ohio Appeals, 4th Dist, Vinton Co

Decided March 7, 1932

W. J. Jones, McArthur, for plaintiff in error.

C. O. Chapman, Prosecuting Attorney, McArthur, and Louis M. Day, Chillicothe, for defendant in error.

BLOSSER, J.

The evidence discloses that a number of persons, including the defendant and the deceased Forest Camp, had attended church on the day of the homicide. The defendant claimed that before going to church he procured a revolver and took it with him on this occasion because he had heard that some of the boys whom he expected to see at church were going to run him back. The defendant and Lyman Camp, a cripple and a nephew of the deceased, with others were going along the road some distance from the church when a quarrel began and the defendant kicked Lyman Camp and a fight ensued at the roadside. After kicking Lyman Camp the defendant took hold of him and at that time Sylvia Camp, a sister of Lyman, screamed that Thacker was killing her brother. At that time Forest Camp came along in his automobile and stopped his car. The defendant stated that if Forest Camp got out of the car he would shoot him. While the defendant had hold of Lyman the deceased struck the defendant over the head with an automobile pump. At that time the defendant drew his revolver and shot Forest Camp, the bullet entering his mouth and inflicting a wound from which he died a few days later. Immediately after the shooting the deceased ran from the scene and sought a doctor. The defendant stepped in front of the automobile and stated "If anybody else wanted it he would give it to them, too." It is also in evidence that the defendant stated that "He shot the son of a bitch right in the face."

The trial court in reviewing this evidence no doubt concluded that the defendant did not act in self-defense but that on the contrary he went to church that evening seeking trouble and armed with a deadly weapon. The defendant had stated that while some of the other boys had been run back they could not run him. He provoked a fight with Lyman Camp and was so engaged at the time the deceased struck him. The defendant did not attempt to avoid a fight or to go away from the scene of the trouble. On the contrary, all of his conduct indicates that he was looking for trouble.

The finding of the trial court is amply supported by the evidence. The judgment of conviction is not contrary to law and is affirmed.

The trial court fixed a definite minimum sentence of eight years in the penitentiary. This was not authorized by law. §2166 GC as amended 114 O. L. 188, 189, provides that sentence shall not be fixed or limited in duration.

The judgment of conviction is affirmed but the case is remanded to the Court of Common Pleas for re-sentence according to law.

MAUCK, PJ, and MIDDLETON, J, concur.